Brian L. Taylor
Ryan P. Browne
HALL & EVANS LLC
175 North 27th Street, Suite 1101
Billings, MT 59101
Email: taylorb@hallevans.com
browner@hallevans.com
Telephone: (406) 969-5227
Facsimile: (406) 969-5223
**ATTORNEYS FOR DEFENDANTS**

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| MICAH WINSLOW,<br><br>  Plaintiff,<br><br>vs.<br><br>NEW HAMPSHIRE INSURANCE CO., CLAIMS MANAGEMENT, INC., NATIONAL UNION FIRE, DAMON MORRIS, and JOHN DOES 1-3,<br><br>  Defendants. | CV-20-119-GF-BMM |

### DEFENDANTS' PRELIMINARY PRETRIAL STATEMENT

COME NOW the Defendants, New Hampshire Insurance Company ("New Hampshire"), Claims Management, Inc. ("CMI")[1], and National Union Fire Insurance Company ("NUFIC"), by and through their counsel of record, Brian L. Taylor and Ryan P. Browne of Hall & Evans LLC, and pursuant to D. Mont. Local

---

[1] Which is now known as Walmart Claims Services, Inc.

DEFENDANTS' PRELIMINARY
PRETRIAL STATEMENT
PAGE - 1

**HALL & EVANS LLC**
175 N. 27TH STREET, SUITE 1101
BILLINGS, MT 59101
(406) 969-5227

Rule 16.2(b)(1) and the Order dated December 14, 2020 (Dkt. 5), submit their combined Preliminary Pretrial Statement as follows:

## A. BRIEF FACTUAL OUTLINE OF THE CASE

This case involves allegations of unfair claims settlement practices and bad faith violations relating to the handling, adjustment, and settlement of Plaintiff's workers' compensation claim for temporary total disability ("TTD") benefits injuries sustained while he was employed at Walmart in July 2017; specifically, the alleged failure to reasonably and timely accept the TTD workers' compensation claim.

Plaintiff filed his Complaint (Dkt. 7) in Montana's Eleventh Judicial District Court, Flathead County, on January 21, 2020. CMI waived formal service of process on November 24, 2020. CMI removed the case to the United States District Court, as discussed in the following section of this Preliminary Pretrial Statement on December 10, 2020 (Dkt. 1). Defendants CMI, New Hampshire, and NUFIC answered the Complaint on December 12, 2020 (Dkts. 2-4).

Plaintiff has not accomplished service on Damon Morris, although the undersigned has advised it will accept service of process on his behalf. Mr. Morris will answer the Complaint after service is acknowledged.

## B. BASIS FOR FEDERAL JURISDICTION AND VENUE

CMI removed this case to the United States District Court for the District

DEFENDANTS' PRELIMINARY
PRETRIAL STATEMENT
PAGE - 2

HALL & EVANS LLC
175 N. 27TH STREET, SUITE 1101
BILLINGS, MT 59101
(406) 969-5227

of Montana, Great Falls Division, on the basis of diversity of citizenship. (Dkt. 1). Federal jurisdiction under 28 U.S.C. § 1332 is appropriate because the amount in controversy is believed to exceed the jurisdictional threshold, exclusive of interests and costs, and there is complete diversity of citizenship among the parties to this case.

Venue is proper in the Great Falls Division because the incident is alleged to have occurred within Flathead County's borders. 28 U.S.C. § 1391(b)(2) and D. Mont. Local Rule 1.2(c).

## C–D. FACTUAL AND LEGAL BASES OF EACH OF DEFENDANTS' DEFENSES

In addition to denying the merits of Plaintiff's claims, and reserving the right to amend and assert additional affirmative defenses as discovery progresses and new information is learned, Defendants pled the following affirmative defenses:

1. <u>Plaintiff fails to state a claim upon which relief may be granted</u>.

Plaintiff's claims with respect to New Hampshire, CMI, and NUFIC should be dismissed on summary judgment because those entities had little to no involvement in the investigation, handling, adjustment, and settlement of workers' compensation claims. Their conduct did not give rise to an actionable Unfair Trade Practices Act ("UTPA") claim.

Defendants understand these functions and resulting decisions were

performed by Sedgwick Claims Management Services, Inc. ("Sedgwick") by and through Sedgwick's claims adjusters. Defendants further understand Sedgwick was the third-party administrator for the insurer (New Hampshire) who provided workers' compensation insurance for Walmart (*i.e.*, Plaintiff's employee on July 6, 2017). Additionally, as discussed in more detail in No. 9 below, issue or claim preclusion may bar religitation of previously adjudicated issues or claims.

2. <u>Defendants had a reasonable basis in law and fact for its conduct.</u>

Mont. Code Ann. § 33-18-242(5) provides that an insurer is not liable for violating the UTPA if the insurer had a reasonable basis in law or in fact for contesting the claim.

Defendants had a reasonable basis in fact and law for denying Plaintiff's claim for TTD benefits. These reasons are discussed in Judge David Sandler's Findings of Fact, Conclusions of Law, and Judgment in WCC No. 2018-4356 (2020 MTWCC 8) (a copy of which is attached hereto as **EXHIBIT 1**).

Judge Sandler found the insurer's denial of liability was reasonable for the following reasons: (1) there was evidence Plaintiff had pre-existing low back problems and he delayed in providing Sedgwick with medical records or a list of prior medical providers upon request which would have allowed Sedgwick to investigate whether Plaintiff's injury was sustained during the course of his Walmart employment; (2) CCTV video of the incident called into question

DEFENDANTS' PRELIMINARY
PRETRIAL STATEMENT
PAGE - 4

HALL & EVANS LLC
175 N. 27TH STREET, SUITE 1101
BILLINGS, MT 59101
(406) 969-5227

Plaintiff's credibility and allowed New Hampshire to reasonably contest Plaintiff's claim that he was injured during the course of his Walmart employment; (3) Sedgwick was not unreasonable when it did not seek Stephen Campbell's, M.D., causation opinions because Dr. Campbell did not have sufficient information to give reasoned and reliable opinions because Plaintiff did not timely provide Sedgwick with a list of prior medical providers; (4) for various reasons Sedgwick was not unreasonable for not accepting liability upon receipt of Anne Armstrong's, PA-C, causation opinions; (5) for various reasons Sedgwick was not unreasonable for not accepting liability upon receipt of Greg Vanichkachorn's, M.D., causation opinions; and (6) New Hampshire was not unreasonable when it later accepted liability because it has a reasonable basis for its denial until after Dr. Vanichkachorn's deposition concluded. **EXHIBIT 1** at ¶¶ 63-69.

The decision to deny the TTD claim until it was accepted was further supported by the following facts learned during the investigation of that claim: (1) Plaintiff suffered recurrent episodes of low back spasms while working at Famous Dave's with active symptoms, including sciatica, through the date of his departure from Famous Dave's and beginning employment with Walmart in June 2017; (2) Plaintiff acknowledged he suffered a low back injury at Famous Dave's while lifting a grease barrel he described as weighing 200 pounds and this injury caused

DEFENDANTS' PRELIMINARY
PRETRIAL STATEMENT
PAGE - 5

HALL & EVANS LLC
175 N. 27TH STREET, SUITE 1101
BILLINGS, MT 59101
(406) 969-5227

radiating pain for which he sought medical care; (3) Plaintiff's work duties at Famous Dave's included bending which caused recurrent low back pain; (4) Plaintiff was believed to have injured his back in a wrestling match at a party sometime before July 6, 2017; (5) Plaintiff informed a Walmart co-worker a day or two before the incident that he injured his back while working at Famous Dave's and prior to his Walmart employment; (6) Significant inconsistencies existed between Plaintiff's sworn testimony of the reported mechanism of injury and recollection of the same by his Walmart co-worker; (7) Plaintiff did not exhibit obvious signs of injury to his Walmart co-worker; (8) The same Walmart co-worker does not believe Plaintiff injured his back as he claimed; (9) The same co-worker disagrees Plaintiff yelled for assistance after the incident; (10) Plaintiff initially declined medical care after the incident; (11) Plaintiff explained to his Walmart supervisor while reporting the incident something to the effect of "this happens a lot, and I think I just need a few days' rest, and I'm better after that"; (12) Plaintiff advised the Walmart assistant store manager that he previously injured his back working at a paper mill and that he suffered from recurrent low back spasm; and (13) Plaintiff did not accurately report his low back symptom history, past low back injuries at Famous Dave's and elsewhere, or depiction of the incident. This list is non-exhaustive and other facts may be discovered supporting the denial of TTD benefits.

DEFENDANTS' PRELIMINARY
PRETRIAL STATEMENT
PAGE - 6

HALL & EVANS LLC
175 N. 27TH STREET, SUITE 1101
BILLINGS, MT 59101
(406) 969-5227

3. <u>To the extent Plaintiff failed to mitigate, minimize, or avoid any of his claimed damages, any recovery against Defendants is void or must be reduced.</u>

Plaintiffs have a duty to mitigate their damages. *Vincent v. BNSF Ry. Co.*, 2010 MT 57, 355 Mont. 348, 2287 P.3d 1123; *Martinell v. Montana Power Co.*, 268 Mont. 292, 886 P.2d 421 (1994). Formal written discovery has not commenced, initial disclosure documents have not been exchanged, and parties and witnesses have not been deposed. The investigation, and further discovery, may reveal that Plaintiff failed to use reasonable efforts to mitigate his damages.

4. <u>Defendants may be entitled to a collateral source reduction or set off.</u>

This affirmative defense was asserted in the event Plaintiff receives payments from any other source.

5. <u>Some or all of the provisions of Mont. Code Ann. § 33-18-201 under which Plaintiff claims entitlement to relief are inapplicable on the facts presented.</u>

Mont. Code Ann. § 33-18-201 lists fourteen prohibited unfair claim settlement practices. Not all of those subparts are in dispute in this case based on the Complaint's allegations. Plaintiff has not identified specific subsections of the UTPA under which he is claiming entitlement to relief. As set forth in Mont. Code Ann. § 33-18-242(1), not all subsections of the UTPA constitute independent causes of action for which a party may recover.

6. <u>Plaintiff's claims against Defendants violate Defendants' rights under the Fifth Amendment to the United States Constitution.</u>

DEFENDANTS' PRELIMINARY
PRETRIAL STATEMENT
PAGE - 7

HALL & EVANS LLC
175 N. 27TH STREET, SUITE 1101
BILLINGS, MT 59101
(406) 969-5227

Affirmative Defenses Nos. 6-8 concern the illegality and limitations on Plaintiff's request for punitive damages. Defendants had a reasonable basis in law and fact for its conduct as previously discussed and, therefore, no basis for punitive damages exists.

Defendants' argument is premised on Mont. Code Ann. § 27-1-220, the Equal Protection and Due Process Clauses of the Montana and U.S. Constitutions, and the 5th and 8th Amendments of the U.S. Constitution, as well as Montana's punitive damages cap. Montana and Federal law also prohibit grossly excessive punitive damages awards and provide the framework for capping the amounts awarded as well as the circumstances under which an award of punitive damages may be appropriate. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

7. <u>Plaintiff's claims against Defendants violate Defendants' rights under Article II, Section 17 of the Montana Constitution.</u>

See No. 6 above which is incorporated by reference as if fully stated herein.

8. <u>Imposition of punitive damages against Defendants under the facts presented violates Defendants' rights under the United States Constitution and Montana Constitution.</u>

See No. 6 above which is incorporated by reference as if fully stated herein.

9. <u>Plaintiff's claims may be barred by collateral estoppel or res judicata per the Workers' Compensation Court decision dated May 7, 2020, in Cause No. WCC No. 2018-4356.</u>

DEFENDANTS' PRELIMINARY
PRETRIAL STATEMENT
PAGE - 8

HALL & EVANS LLC
175 N. 27TH STREET, SUITE 1101
BILLINGS, MT 59101
(406) 969-5227

The issue of whether the denial of liability with respect to Plaintiff's TTD claim was reasonable was determined by the workers' compensation court. As discussed in No. 2 above, Judge Sandler determined the decision to deny TTD benefits was reasonable. **EXHIBIT 1** at ¶ 72 ("This Court has found that New Hampshire's denial of liability was reasonable"). Plaintiff should be barred from relitigating that same issue or claim in this case. *Sell v. Am. Family Mut. Ins. Co.*, 2011 U.S. Dist. LEXIS 28125, ** 25-26 (D. Mont. Jan. 31, 2011) (Montana law applies to determine the preclusive effect of *res judicata* and collateral estoppel in Montana diversity actions); *Balrusch v. Baltrusch*, 2006 MT 51, 331 Mont. 281, 130 P.3d 1267; *Martelli v. Anaconda-Deer Lodge County*, 258 Mont. 166, 852 P.2d 579 (1993).

10.   Action on Advice of Counsel.

Defendants' defense of action on advice of counsel is based on defense counsel's recommendations communicated in the underlying workers' compensation matter, litigation strategy, retention of experts, and defense in the underlying action. Mont. Code Ann. 33-18-242(5) provides that "an insurer may not be held liable under this section if the insurer had a reasonable basis in law or in fact for contesting the claim or the amounts of the claim."

E.   **A COMPUTATION OF DAMAGES**

Defendants are not claiming damages in this lawsuit, although they reserve

DEFENDANTS' PRELIMINARY
PRETRIAL STATEMENT
PAGE - 9

HALL & EVANS LLC
175 N. 27TH STREET, SUITE 1101
BILLINGS, MT 59101
(406) 969-5227

the right to recoup their attorneys' fees, costs, and other expenses as permitted by law, contract, or equity.

## F. PENDENCY OR DISPOSITION OF RELATED LITIGATION

Defendants understand the permanent total disability ("PTD") component of Plaintiff's workers' compensation claim remains open at this time. Defendants otherwise are unaware of any related litigation.

## G. PROPOSED ADDITIONAL STIPULATIONS OF FACTS AND UNDERSTANDING AS TO WHAT LAW APPLIES

Defendants do not propose any factual stipulations in addition to the factual stipulations set forth in the Statement of Stipulated Facts on file.

Defendants do not anticipate any dispute as to the applicability of Montana substantive law in this case. "Under the *Erie* Doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *County of Orange v. U.S. Dist. Ct.*, 784 F.3d 520, 523-24 (9th Cir. 2015).

## H. PROPOSED DEADLINES RELATING TO JOINDER OF PARTIES OR AMENDMENT OF THE PLEADINGS

Defendants propose **March 17, 2021** (approximately two months after the Preliminary Pretrial Conference), as the deadline for the parties to freely, and without need to first obtain leave of court, join additional parties or amend their pleadings. Thereafter, the parties may join additional parties and amend pleadings only with leave of court and upon a showing of good cause or by agreement of all

DEFENDANTS' PRELIMINARY
PRETRIAL STATEMENT
PAGE - 10

HALL & EVANS LLC
175 N. 27TH STREET, SUITE 1101
BILLINGS, MT 59101
(406) 969-5227

parties.

## I.  IDENTIFICATION OF CONTROLLING ISSUES OF LAW SUITABLE FOR PRETRIAL DISPOSITION

Defendants anticipate moving for summary judgment to dismiss CMI, New Hampshire, and NUFIC on various grounds. These entities were not substantively involved in the handling, adjustment, and settlement of Plaintiff's workers' compensation benefits. As discussed above, claim preclusion or issue preclusion may provide Defendants with grounds for summary judgment.

## J.  IDENTIFICATION OF PERSONS BELIEVED TO HAVE INFORMATION THAT MAY BE USED IN PROVING OR DENYING ANY PARTY'S CLAIMS OR DEFENSES, AND A SUMMARY OF THAT INFORMATION

Counsel for Defendants recently received over 4,400 pages of claim file documents which he is currently reviewing. Based on the review to date, Defendants identify the following persons who may have information relating to the claims and defenses asserted in this case:

1. **Sedgwick Claims Management Services, Inc.**
   c/o Hall & Evans LLC
   175 North 27th Street, Ste. 1101
   Billings, Montana 59101
   (406) 969-5227

   a.  **Damon Morris**

   **Subjects of Discoverable Information**: Mr. Morris is a Sedgwick claims representative. He has information relating, but not limited, to the investigation, handling and adjustment of Plaintiff's claims for TTD workers' compensation benefits. This includes, without

DEFENDANTS' PRELIMINARY
PRETRIAL STATEMENT
PAGE - 11

HALL & EVANS LLC
175 N. 27TH STREET, SUITE 1101
BILLINGS, MT 59101
(406) 969-5227

limitation, information about New Hampshire's decisions with respect to the claim and grounds for denial of TTD benefits and subsequent acceptance.

     **b.**    **Kim Takagi**

**Subjects of Discoverable Information**: He or she may have information relating to Plaintiff's workers' compensation claims. The extent of the information is currently unknown.

     **c.**    **Jamie Petri**

**Subjects of Discoverable Information**: He or she may have information relating to Plaintiff's workers' compensation claims. The extent of the information is currently unknown.

     **d.**    **Jamie Larson**

**Subjects of Discoverable Information**: He or she may have information relating to Plaintiff's workers' compensation claims. The extent of the information is currently unknown.

     **e.**    **Michele Coggins**

**Subjects of Discoverable Information**: Ms. Coggins may have information relating to Plaintiff's workers' compensation claims. The extent of the information is currently unknown.

**2.**    **Micah Winslow**
c/o Bliven Law Firm, P.C.
704 South Main Street
Kalispell, Montana 59901
(406) 407-9099

**Subjects of Discoverable Information**: Mr. Winslow, the Plaintiff in this action, is presumed to have information about his own claims asserted in this case; his workers' compensation benefits claims; his injuries, recovery, function, medical conditions, and treatment; and alleged damages.

DEFENDANTS' PRELIMINARY
PRETRIAL STATEMENT
PAGE - 12

HALL & EVANS LLC
175 N. 27TH STREET, SUITE 1101
BILLINGS, MT 59101
(406) 969-5227

3. **Kraig Moore**
   **Aaron Brann**
   c/o Bliven Law Firm, P.C.
   704 South Main Street
   Kalispell, Montana 59901
   (406) 407-9099

   **Subjects of Discoverable Information**: Mr. Moore and Mr. Brann may have information relating to the underlying workers' compensation matters.

4. **G. Andrew Adamek**
   Browning, Kaleczyc, Berry & Hoven, P.C.
   800 North Last Chance Gulch, Ste. 101
   P.O. Box 1697
   Helena, Montana 59624-1697
   (406) 443-6820

   **Subjects of Discoverable Information**: Mr. Adamek represented New Hampshire in the underlying workers' compensation matters. He has information relating to the underlying workers' compensation matters and information relevant to Defendants' action on advice of counsel affirmative defense. This includes legal advice regarding the denial and acceptance of workers' compensation TTD benefits.

5. **Walmart Inc.**
   c/o Hall & Evans LLC
   175 North 27th Street, Ste. 1101
   Billings, Montana 59101
   (406) 969-5227

   a. **Thomas Hanson**

   **Subjects of Discoverable Information**: Mr. Hanson is believed to have been a Walmart associate on July 6, 2017. He may have information including, without limitation, the mechanism of injury reported by Plaintiff, incident investigation efforts of Walmart, and observations of Plaintiff when the claim was reported.

DEFENDANTS' PRELIMINARY
PRETRIAL STATEMENT
PAGE - 13

**HALL & EVANS LLC**
175 N. 27TH STREET, SUITE 1101
BILLINGS, MT 59101
(406) 969-5227

    b.    **Alan Dugan**

**Subjects of Discoverable Information**: Mr. Dugan is believed to have been a Walmart manager on July 6, 2017.  He may have information including, without limitation, the mechanism of injury reported by Plaintiff, incident investigation efforts of Walmart, and observations of Plaintiff when the claim was reported.

    c.    **Jean Rattigan**

**Subjects of Discoverable Information**: Ms. Rattigan is believed to have been a Walmart manager on July 6, 2017.  She may have information including, without limitation, the mechanism of injury reported by Plaintiff, incident investigation efforts of Walmart, and observations of Plaintiff when the claim was reported.

    d.    **Steve Purkey**

**Subjects of Discoverable Information**: Mr. Purkey is believed to have been a Walmart manager on July 6, 2017.  He may have information including, without limitation, the mechanism of injury reported by Plaintiff, incident investigation efforts of Walmart, and observations of Plaintiff when the claim was reported.

    e.    **Lance Lerud**

**Subjects of Discoverable Information**: Mr. Lerud is believed to have been a Walmart manager on July 6, 2017.  He may have information including, without limitation, the mechanism of injury reported by Plaintiff, incident investigation efforts of Walmart, and observations of Plaintiff when the claim was reported.

6.    **Famous Dave's BBQ Restaurant**
2340 U.S. Highway 93 North
Kalispell, Montana 59901
(406) 752-7427

**Subjects of Discoverable Information**: Various unidentified employees and managers at Famous Dave's BBQ Restaurant in Kalispell, Montana, may have information of Plaintiff's reports or

DEFENDANTS' PRELIMINARY
PRETRIAL STATEMENT
PAGE - 14

HALL & EVANS LLC
175 N. 27TH STREET, SUITE 1101
BILLINGS, MT 59101
(406) 969-5227

complaints of low back pain, strain, and injury while Plaintiff was a Famous Dave's employee.

7. Various healthcare providers, experts, and consultants may have information relating to Plaintiff's injuries, medical conditions, symptoms (including pre-existing symptoms), diagnoses, prognoses, physical limitations and restrictions, medical history before and after July 6, 2017, disability, recovery, function, treatment, recommendations, and alleged damages. These healthcare providers include, without limitation, the following:

   a. Anne Armstrong, PA-C, Big Sky Family Medicine.

   b. Doug Marbarger, PA-C, Big Sky Family Medicine.

   c. Kayce McIntosh, PA-C, Big Sky Family Medicine.

   d. Greg Vanichkachorn, M.D., Kalispell Regional Medical Center.

   e. Stephen Campbell, M.D., Providence Montana Neurological Specialists.

   f. Scott Jahnke, DO, Grizzly Spine Pain and Rehab.

8. Various workers' compensation mediators including, without limitation, the following: Debra Blossom, Jennifer Hepfner, and Carol Morris. These individuals may have information about their recommendations.

9. All witnesses and subjects of discoverable information disclosed by Plaintiff.

10. All witnesses who become known during discovery.

11. All witnesses who may be necessary for rebuttal, foundation, or character purposes.

DEFENDANTS' PRELIMINARY
PRETRIAL STATEMENT
PAGE - 15

HALL & EVANS LLC
175 N. 27TH STREET, SUITE 1101
BILLINGS, MT 59101
(406) 969-5227

**K.   THE SUBSTANCE OF ANY INSURANCE AGREEMENT THAT MAY COVER ANY RESULTING JUDGMENT**

Defendants are in the process of gathering insurance documents and will produce the same to Plaintiff upon receipt.

**L.   THE STATUS OF ANY SETTLEMENT DISCUSSIONS AND PROSPECTS FOR COMPROMISE OF THE CASE**

Defendants are uncertain about the prospects for compromise, but may agree to attend mediation with a private mediator or ask the Court to appoint a settlement master.

**M.   SUITABILITY OF SPECIAL PROCEDURES**

Defendants do not believe this case requires any special procedures.

**N.   ISSUES RELATING TO THE DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

Defendants do not anticipate any issues relating to the disclosure or discovery of electronically stored information including: (a) issues pertaining to the preservation of such information and (b) issues relating to the form or forms in which such information should be produced.

DATED this 13th day of January 2021.

    Respectfully submitted,

    HALL & EVANS, LLC

    By:   */s/ Ryan P. Browne*
    Brian L. Taylor
    Ryan P. Browne
    **Attorneys for Defendants**

DEFENDANTS' PRELIMINARY
PRETRIAL STATEMENT
PAGE - 16

**HALL & EVANS LLC**
175 N. 27TH STREET, SUITE 1101
BILLINGS, MT 59101
(406) 969-5227

## **CERTIFICATE OF SERVICE**

 I hereby certify that on the 13th day of January, 2021, a copy of the foregoing document was served on the following persons by the following means:

| | | |
|---|---|---|
| __1, 2__ | CM/ECF | 1. Clerk, U.S. District Court |
| _____ | Hand Delivery | |
| _____ | U.S. Mail | 2. Kraig W. Moore |
| _____ | Facsimile |  Aaron J. Brann |
| _____ | E-mail |  BLIVEN LAW FIRM, P.C. |
| | |  704 South Main |
| | |  Kalispell, MT 59901 |
| | |  kraig@blivenlawfirm.com |
| | |  *Attorney for Plaintiff* |

        By: __/S/ Ryan P. Browne____
        Ryan P. Browne
        *Attorneys for Defendants*

DEFENDANTS' PRELIMINARY
PRETRIAL STATEMENT
PAGE - 17

**HALL & EVANS LLC**
175 N. 27TH STREET, SUITE 1101
BILLINGS, MT 59101
(406) 969-5227